PHILIP EISENHAUER
ATTORNEY AT LAW
1015 LOCUST, SUITE 1000
ST. LOUIS MO 63101

Mr. Jason Dunkel
United States Attorney's Office
Thomas F. Eagleton Courthouse
111 South 10th Street
St. Louis, MO 63101

Re: U.S.A. v. Jason Dunkel
NO. 4:21-mj-08235-SRW-3

Dear Mr. Dunkel,

In accordance with Fed R. Crim. P. 16 and 12 as well as the controlling caselaw concerning discovery, the Court's local rules and the Order signed by the Magistrate Judge, Defendant requests pretrial disclosure of the following evidence and information:

1. Any and all written or recorded statements made by the Defendant.
2. Any and all written or recorded statements made by co-defendants and co-conspirators (named or un-named)
3. Any portion of any written record containing the substance of any relevant oral statement made by the Defendant, whether before or after arrest, in response to interrogation by any person then known to the Defendant to be a government agent.
4. The substance of any oral statement made by the Defendant before or after his arrest in response to interrogation by any person then known-to-be government agent which the prosecution intends to offer in evidence at trial.
5. Recorded grand jury testimony of any Defendant relating to the offenses charged.
6. A written summary of the testimony the government intends to use at trial under Rules 702, 703 or 705, Fed R. Evid. Including a description of the witnesses' opinions, the basis and reasons therefore, and the witnesses' qualifications.
7. Description of an and access to any books, papers, documents, photographs, tangible objects, vehicles, buildings or places which are material to the preparation of the Defendant's defense or which the prosecution intends to use as evidence at trial or were used, obtained or belonging to the Defendant.
8. The results or reports of physical or mental examinations, and of scientific tests or experiments, made in connection with this case, which are material to the Defendant's defense or are intended for use at trial.
9. Disclosure to the Defendant and permission to inspect and copy all information known to this prosecutor which may be favorable to the Defendants on the issues of guilt or

punishment within the scopy of Brady v. Maryland, 373U.S. 83 (1963) and United State v. Agurs, 427 U.S. 97 (1976)
10. Disclosure to the Defendant of the existence and substance of any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective prosecution witnesses, as well as any and all material evidence affecting the credibility of any witness whose reliability may be determinative of Defendant's guilt or innocence with the scope of United States v. Giglio, 405 U.S. 150 (1972) and Napue v. Illinois, 30 U.S. 264 (1959).
11. Disclosure to Defendant as to which of his co-defendants has entered into an agreement to plead guilty and who will be a cooperating witness in this case; the agreement that they made with the United States Attorney's Office and the substance of what their testimony will be as it concerns the Defendant.
12. Provision to Defendant of the arrest and prior conviction records of Defendant, and any informant, cooperating individual, or witness who will testify for the Office of the United States Attorney at trial.
13. Provision to Defendant of notice of the nature and extent of consideration offered by the government or its agents, or sought by the government or its agents, on behalf of any informant herein in return for his or her cooperation and assistance, including:
    A. The identity and existing statements of any confidential informant who may be called upon to testify in this case.
    B. Any and all representations, promises or other consideration offered by the government, its cooperating agencies or its agents to said informants concerning alleged violations of said informants of federal, state or local laws;
    C. The precise nature of any monetary consideration offered or promised to said informants by the government, its agents, or cooperating agencies;
    D. Any and all promises of assistance offered to said informants relating to the disposition of known or potential criminal charges, state or federal or the nature and extent of incarceration or conditions thereof;
    E. Any other promises, inducements or considerations offered to said informants in exchange for their cooperation, assistance, information or testimony;
    F. Any record maintained by the government showing arrest and conviction of the confidential informant.
14. Disclosure to Defendant as to whether he was identified in any lineup, show up, photo spread or similar identification proceeding, and produce any pictures utilized or resulting therefrom.
15. To advise the case agents and the law enforcement officers to preserve their rough notes and to indicate to the defendant the existence of those rough notes.
16. To advise the Defendant, pursuant to Fed. R. Evid. 404(b) within ten days of the prosecutor's intention to introduce such evidence, the basis under which introducing will be supported, and the general nature of that evidence.
17. To transcribe the grand jury testimony of all witnesses who will testify for the Office of the United States Attorney at the trial of this cause, preparatory to a timely motion for discovery.
18. The prosecutor shall, if requested, to deliver to any chemist selected by the defense, who is presently registered with the Attorney General in compliance with 21 U.S.C. ss822&

contraband which is the subject of this indictment, to allow independent chemical analysis of such sample.
19. Upon request the prosecutor shall permit the Defendant, his counsel and any experts selected by the defense to inspect any vehicle, or aircraft allegedly utilized in the commission of any offenses charged. The prosecutor shall, if necessary, assist defense counsel in arranging such inspection at a reasonable time and place, by advising the government authority having custody of the thing to be inspected that such inspection has been approved by the Court.
20. The prosecutor shall provide the Defendant, for independent expert examination, copies of all latent fingerprints or palm prints which have been identified by the prosecutor's expert as those of the Defendant.
21. The prosecutor shall provide the Defendant, for independent examination copies of all handwriting exemplars which have been identified by the prosecutor's expert as those of the Defendant.
22. Disclosure to the Defendant, for inspection any and all things, objects, books or records that were seized in this case in order for the Defendant to determine whether he has the standing to file a motion to suppress.
23. With regard to any hearsay statement or statement defined in Rule 801 (d)(2)(D) or which the government intends to introduce at trial as to the declarant of that statement disclosure to the Defendant all information regarding the declarant prior convictions and criminal records, any inconsistent statement made by the declarant, any information regarding bias or motive on behalf of the declarant, any information as to the opinion of with regard to the declarant and the declarant's reputation.
24. Records of any devices used to record telephone numbers dialed from a particular phone, including pen registers, traps and tracers; any recordings obtained or intercepted via wiretap.
25. Copies of any still images, video or audio or automated license plate reader scans collected, captured or reviewed by the St. Louis Metropolitan Police Department's Real Time Crime Center (RTCC) that monitored the Defendant (any vehicle allegedly driven or occupied by the Defendant or verification that such information was never viewed or collected.
26. Information, reports memoranda correspondence or footage describing or memorializing any electronic surveillance of the Defendant or Defendant's vehicle in any investigation related to their arrest in this case, or verification that such information was never viewed or collected. This request includes but is not limited to the following:
    A. Any data, including metadata, resulting from use of an IMSI catcher, cell site simulator, or similar cell phone monitoring or data collection device by law enforcement officials.
    B. Any GPS tracking information or other digital or electronic location-related information.
27. If the discovery provided is Electronically /stored Information (ESI) such as .pdf documents, word processing documents, spreadsheets, graphs, date or date compilations, DAD/CAM files, web sited, voice mail, e-mail, text or instant messaging, photographs audio video or any content in a digital form, please provide it pursuant to the following protocals:
    A. Please label each item and identify it by case number.

B. Please provide an inventory of any index of what is stored.
C. Please organize ESI in the form that it is used in the usual course of business with its logical unitization (e.g. a F.B.I. 302 report, followed by its attachments and related photographs or in a reasonably usable state or accessible form Fed. R. Civ P. 34(a) & (b)(B)(I)
D. If the government intends to provide discovery electronically, that currently exists in hard copy, before delivery, the hard copy should be scanned into a high-quality pdf format (using Adobe pdf software) with an optical character recognition (OCR) overlay (using the U.S. Attorney's Ipro software or other comparable software) with Bates Numbers.
E. If the discovery is voluminous, please confer with counsel to provide ESI discovery regarding the format in which it may be provided.

*/s/Philip Eisenhauer #39045MO*
1015 Locust, Suite 1000
St. Louis MO 63101
314-378-1149
Phileisenhauerlaw@gmail.com